IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SANDRA K. GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-2229-CM |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Comm'r of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Plaintiff Sandra K. Green claims that she became unable to work in November 2001, because she could not control her Type II Diabetes. Since 2009, she now also claims the following health issues: (1) hypertension & hyperlipidemia; (2) obesity; and (3) major depressive disorder with psychotic features. Plaintiff's employment history indicates employment of only three to four months at a time with an employer. The last job plaintiff worked was at FedEx. She filed this action pursuant to Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 1381 et seq., requesting supplemental security income benefits.

An Administrative Law Judge ("ALJ") found that plaintiff was not disabled in a decision dated August 29, 2011, which stands as the final decision of the Commissioner of Social Security. Plaintiff contends that the ALJ's decision is not supported by substantial evidence because the hypothetical the ALJ gave the vocational expert ("VE") is flawed. After reviewing the record, the court makes the following rulings.

**I.      Legal Standard**

This court applies a two-pronged review to the ALJ's decision: (1) Are the factual findings supported by substantial evidence in the record?  (2) Did the ALJ apply the correct legal standards? *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted).  "Substantial evidence" is a term of art.  It means "more than a mere scintilla" and "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Hunter v. Astrue*, 321 F. App'x 789, 792 (10th Cir. 2009) (quoting *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007)).  When evaluating whether the standard has been met, the court is limited; it may neither reweigh the evidence nor replace the ALJ's judgment with its own.  *Bellamy v. Massanari*, 29 F. App'x 567, 569 (10th Cir. 2002) (citing *Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995)).  On the other hand, the court must examine the entire record—including any evidence that may detract from the decision of the ALJ.  *Jaramillo v. Massanari*, 21 F. App'x 792, 794 (10th Cir. 2001) (citing *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994)).

**II.     Plaintiff's Claims**

Plaintiff claims that the ALJ's decision cannot be supported by substantial evidence because the hypothetical posed to the VE by the ALJ fails to include the limitations that the ALJ subsequently found.  Plaintiff relies on *Wiederholt v. Barnhart*, 121 F. App'x 833 (10th Cir. 2005).  There, the ALJ posed a hypothetical question that only included a limitation of "simple, unskilled" tasks, yet ultimately found that the claimant's residual functional capacity ("RFC") was "limited to simple, unskilled job tasks" and that she had "mild restrictions in activities of daily living, mild difficulties in maintaining social functioning, [and] moderate difficulties in maintaining concentration, persistence, or pace." *Id*. at 839. Accordingly, the Tenth Circuit held that the ALJ's decision was not supported by substantial evidence because the VE's opinion relied upon was flawed.

Here, while the plaintiff is correct that the hypothetical omits impairments that the ALJ later found to exist, the ALJ's reliance on the VE's opinion constitutes substantial evidence that may support the ALJ's decision for two reasons.

First, the ALJ's hypothetical and conclusions in this case are nearly identical.  In this case, the ALJ posed the following hypothetical:

> Assuming that there is an individual who is restricted to light work, should not climb ladders, ropes or scaffolds, work with dangerous machinery or at unprotected heights. Simple, unskilled work, SVP-1, SVP-2 that is low stress and does not involve significant changes or adaptions. Assuming that the hypothetical individual has the Claimant's vocational profile relative to age, education and work history and the limitations identified, in your professional opinion would there be a significant number of jobs in the regional or national economy that such a person could perform?

(Doc. 11-1 at 49.)  The ALJ's conclusion states:
> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR416.967(b) except she should not climb ladders, ropes, or scaffolds; should not work with dangerous machinery or unprotected heights; has a **moderate limitation in the ability to sustain concentration, persistence, and pace** such that she is limited to simple, unskilled work with an SVP of 1or 2, that is routine and low stress, and does not involve significant changes or adaptations . . . the undersigned finds that while the **claimant's weight** in itself is not disabling, in combination with the claimant's other impairments, it limits her ability to do basic work activity." (*Id*. at 49 (emphasis added).)

The bolded portions above highlight the only material differences between the ALJ's hypothetical and conclusion.  The ALJ's hypothetical goes beyond *Wiederholt*'s sparse, two-word RFC description of "simple, unskilled."  121 F. App'x at 839.  And both the hypothetical and conclusion make specific references to plaintiff's limitations, including a classification of SVP-1 or SVP-2.

Second, even if the ALJ's hypothetical omitted some relevant RFC findings, the omission is harmless because the VE was present throughout the hearing.  The *Wiederholt* court noted that there was "no evidence to suggest that the VE heard testimony or other evidence allowing her to make an individualized assessment that incorporated the ALJ's specific additional findings about [the claimant's] impairments."  *Id.*  That is not the case here because the VE testified she was present

throughout the hearing and reviewed the exhibits. (Doc. 11-1 at 48–49.) What is more, the VE declined the ALJ's offer to provide additional information about the claimant's background. (*Id*. at 49.) "The fact the vocational expert was present and heard testimony concerning Diaz's alleged impairments suggests that the effect of the error, if any, in the administrative law judge's (ALJ) hypothetical, was minimal." *Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990). Any differences between the ALJ's hypothetical posed to the VE and the ALJ's later written conclusion are harmless because the VE could account for the entirety of the claimant's RFC by being present at the proceeding and hearing all relevant testimony. Accordingly, the court finds the ALJ's reliance on this testimony is justified. Substantial evidence therefore supports the ALJ's decision.

## III.   Conclusion

Based on the above analysis, the court affirms the Commissioner's decision because it is supported by substantial evidence in the record.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is affirmed.

Dated this 28th day of August, 2014, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**